UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  08-20685-CIV-MORENO**

LISA KABULA and KURT M. KABULA,

    Plaintiffs,

vs.

SOUTHERN HOMES OF HOMESTEAD VIII,
INC.,

    Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS**

THIS CAUSE came before the Court upon Motion of Defendant to Dismiss Complaint **(D.E. No. 4)**, filed on **April 11, 2008**.  The Plaintiffs filed a Response on **May 20, 2008**, and the Defendant filed a Reply to the Response on **May 29, 2008**.

A court will not grant a motion to dismiss unless the plaintiff fails to allege any facts that would entitle the plaintiff to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986).  When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 953 (11th Cir. 1986).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must have "enough facts to state a claim to relief that is plausible on its face;" if it does not "nudge[] the[] claims across the line from

conceivable to plausible, [it] must be dismissed." *Id.* at 1974.

In this case, the Plaintiffs allege that the Defendant failed to comply with the Interstate Land Sales Full Disclosure Act ("ILSFDA") in a contract between the parties. The ILSFDA imposes a number of requirements upon property sellers. See generally 15 U.S.C. § 1703. The Plaintiffs contend that their contract, in which they agreed to purchase a home that the Defendant would later construct on a particular parcel of land, is not exempt from the ILSFDA. For the purposes of this case, the ILSFDA provides an exemption from its requirements for sellers who enter contracts obligating them to construct a building within two years. See 15 U.S.C. § 1702(a)(2); Aboujaoude v. Poinciana Dev. Co. II, 509 F. Supp. 2d 1266, 1271 (S.D. Fla. 2007). A provision in the contract at issue provides that the Defendant had 30 months to complete the project, which would appear to preclude the Defendant from claiming the ILSFDA exemption since there was no obligation to complete the project within two years. However, the contract also has a "Savings Clause," which states that any contractual provision conflicting with the ILSFDA is void. The Plaintiffs argue that the Savings Clause is invalid, while the Defendant argues that the clause allows the Defendant to claim the exemption.

For a Motion to Dismiss, the Court views the facts in the light most favorable to the Plaintiffs. Therefore, the Court finds that the Plaintiffs have argued a sufficiently plausible factual basis for their Complaint to survive the Defendant's Motion to Dismiss under the proper standard. Specifically, the Court finds that the Savings Clause in the contract at issue does not bring the Defendant within the ILSFDA exemption in the presence of a provision contemplating a 30-month project completion period. In deciding this issue, the Court finds the Middle District's decision in Harvey v. Lake Buena Vista Resort, LLC persuasive. See Harvey, Case No. 6:07-1641-cv-Orl-DAB (M.D. Fla. April 22, 2008) (Baker, J.). The Harvey Court explained as follows:

> Giving effect to the Resort's purported savings clause in this case would encourage other developers to include the broadest list of potential all-encompassing excuses to extend completion dates beyond two years, and simply tack on a savings clause to avoid losing the exemption in the event it is challenged . . . . The savings clause in this case is no more than the Resort developer's attempt to provide itself with an "escape hatch" in order to take advantage of the ILSFDA exemption down the road, despite its failure to draft a Purchase Agreement that actually complied with the ILSFDA in the first instance.

*Id.* The situation in this case is similar to that which the court addressed in <u>Harvey</u>. The parties' apparent intention in drafting this contract was to have a house built within 30 months. The Defendant cannot rely on a savings clause to exonerate itself from running afoul of ILSFDA requirements in hypothetically limitless ways.

However, the Court makes no finding pertaining to any potential affirmative defenses asserted by the Defendant. To the extent that the Defendant relies upon an Addendum to the contract as proof that it has cured all violations of the ILSFDA, the validity of the Addendum and its effect on any alleged violations will be properly addressed at the summary judgment stage or at trial. The Court need not rule on any additional issues raised in the Motion to Dismiss pleadings at this point. Therefore, it is

**ADJUDGED** that the Defendant's Motion to Dismiss is **DENIED**. Further, it is

**ORDERED** that the Defendant shall file an Answer in this case within **two weeks** of the date of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of July, 2008.

```
_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE
```

Copies provided to:

Counsel of Record