UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-20685-CIV-MORENO

LISA KABULA and KURT M. KABULA,

    Plaintiff,

vs.

SOUTHERN HOMES OF HOMESTEAD VIII,
INC.,

    Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

THIS CAUSE came before the Court upon the Defendant's Motion for Reconsideration **(D.E. No. 26)**, filed on **October 16, 2008**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED for the following reasons.

**I. BACKGROUND**

The parties dispute whether or not the Interstate Land Sales Full Disclosure Act ("ILSFDA") obligated the Defendant to comply with certain reporting requirements. ILSFDA imposes a number of requirements upon property sellers, including that they must register subdivisions of 100 or more non-exempt lots with the U.S. Department of Housing and Urban Development and that they must provide each purchaser with a disclosure document called a Property Report. See generally 15 U.S.C. §1703. The Plaintiffs contend that the Defendant failed to comply with those requirements, and that certain attempts to contract around them are invalid. Pursuant to that argument, the

Plaintiffs have sought from the Defendant contracts it entered with other homeowners in the subdivision in this case. After the Defendant objected to that request, and following the deposition of Lissete Souto, the Plaintiffs submitted a Motion to Compel Production of the contracts **(D.E. 21)** on **September 29, 2008**. The Court granted that Motion in its Order Granting Plaintiff's Motion to Compel Deposition of Hector Garcia and Granting Motion to Compel Production **(D.E. 25)**, issued on **October 15, 2008**

The Defendant has raised two issues regarding that Order. First, they claim the Motion to Compel Production, which gave rise to the Order, was filed too late. Second, they claim the discovery request itself wasn't reasonably calculated to lead to the discovery of admissible evidence.

## II.  TIMELY FILING OF DEPOSITION MOTIONS

Technically, the local rules require discovery motions to be filed within 30 days of the "occurrence of [the] grounds for the motion." S.D. Fla. L.R. 26.1(H). A late filing of a discovery motion, absent reasonable cause, "may" result in a waiver of the relief sought. *Id*.

In this case, the Defendant objected to the discovery request on August 13, 2008 and the Plaintiff filed its Motion to Compel on September 29, 2008. Using the Defendant's response to the discovery request as the "occurrence" which provided the grounds for the Motion to Compel, the Motion was technically late. However, the Plaintiff claims the deposition testimony of Lissete Souto on September 29, 2008 constituted the "occurrence of the grounds" for the Motion to Compel, because she allegedly indicated that the Addendum at issue between the parties was a "form contract".

Whether or not the Motion was late depends, then, on whether the August 13, 2008 opposition to the request, or the September 29, 2008 deposition testimony of Souto, provided the

-2-

"grounds" for the Motion to Compel.  In either event, because S.D. Fla. L.R. 26.1(H) is permissive, this Court has discretion to grant the Motion to Compel, even if it was filed late.  In fact, an official 1998 Comment on the Rule noted that it had been designed "to ensure that discovery motions are filed when ripe and not held until shortly before the close of discovery or the eve of trial."  Those concerns are not compelling in this instance.  The Motion was filed more than two weeks prior to the initial discovery cutoff, and more than three months before the trial date.

### III.  DISCOVERABLE EVIDENCE

The Defendant also argues that this Court incorrectly concluded that the discovery request was reasonably calculated to lead to the discovery of admissible evidence.  Essentially, the Defendant argues that contracts with other home purchasers within the subdivision can't reasonably lead to discoverable evidence because those contracts are not at issue in this case.  Moreover, they contend the Plaintiffs' attorney is merely trying to canvas the Defendants' records for additional clients.

These arguments are without merit.  The Plaintiff may or may not be able to marshal discoverable evidence out of these other contracts.  Nevertheless, it is *possible* and perhaps even *likely* these other contracts show that the Defendant consistently attempted to circumvent federal reporting requirements.

### CONCLUSION

The parties dispute which "occurrence" provided the grounds for the Plaintiff's Motion to Compel.  Thus, it is not clear whether or not the Motion to Compel was filed late, in violation of S.D. Fla. L.R. 26.1(H).  Nevertheless, because that rule is permissive, this Court has discretion to grant a discovery motion even if it is technically filed late.  Moreover, as this Court has previously

held, the discovery request for the Defendants to produce the contracts is reasonably calculated to lead to discoverable evidence. Because the Court believes those contracts may be relevant to the parties' dispute, and because the Motion to Compel was not filed "shortly before the close of discovery or the eve of trial", the Defendant's Motion for Reconsideration is hereby DENIED.

In its Order granting the Motion to Compel, the Court extended the deadline for discovery, including the deposition of Hector Garcia, to **October 31, 2008**. Consistent with that Order, the Court reiterates that, prior to the deposition of Hector Garcia, the Defendant shall comply with request number 6 of the Kabula's Request for Production of Documents.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd day of October, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record